KOYO SEIKO CO., LTD. and Koyo Corporation of U.S.A., Inc., Plaintiffs,

v.

The UNITED STATES, Defendant,

The Timken Company, Defendant– Intervenor.

NSK LTD. and NSK Corporation, Plaintiffs,

v.

UNITED STATES, Defendant,

The Timken Company, Defendant– Intervenor.

The TIMKEN COMPANY, Plaintiff,

v.

UNITED STATES, Defendant,

Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A., Inc.; NSK Ltd. and NSK Corporation, Defendant–Intervenors.

Court Nos. 90–06–00300, 90–06–00309 and 90–06–00313.

United States Court of International Trade.

March 4, 1993.

---

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Susan P. Strommer and Elizabeth C. Hafner, Washington, DC, for Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A., Inc.

Donohue and Donohue, Joseph F. Donohue, Jr., Kathleen C. Inguaggiato and Daniel W. Dowe, New York City, for NSK Ltd. and NSK Corp.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and John M. Breen, Washington, DC, for the Timken Co.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis; Joan L. MacKenzie, Sr. Atty., Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce of counsel, Washington, DC, for defendant.

## OPINION

TSOUCALAS, Judge:

The three cases which are the subject of this action each contested the determination

of the Department of Commerce, International Trade Administration ("Commerce"), in *Tapered Roller Bearings Four Inches or Less in Outside Diameter From Japan; Final Results of Antidumping Duty Administrative Review* ("*Final Results*"), 55 Fed. Reg. 22,369 (1990). In May 1992, this Court sustained the Final Results in some respects but remanded them to Commerce for further action in other respects. *See Koyo Seiko Co. v. United States*, 16 CIT ——, 796 F.Supp. 517 (1992); *NSK Ltd. v. United States*, 16 CIT ——, 794 F.Supp. 1156 (1992); *The Timken Co. v. United States*, 16 CIT ——, 795 F.Supp. 438 (1992).

### 1. *Koyo's Tapered Roller Bearings*

■ In accordance with the Court's instructions, on remand Commerce recalculated dumping margins for Koyo Seiko Co. ("Koyo") and NSK Ltd. ("NSK") tapered roller bearings ("TRBs") pursuant to existing master lists. *See Id.*

The Timken Company ("Timken"), however, objects to Commerce's remand determination for entries prior to October 1, 1977, claiming that the Court ordered Commerce to use master lists issued by Treasury before jurisdiction was transferred to Commerce and, furthermore, that the lists utilized by Commerce were not issued prior to the date of transfer of jurisdiction.

In the case at bar, master lists existed for entries entered between April 1, 1974 and September 30, 1977 and the Court did order that "all entries subject to master lists existing prior to the date of transfer of jurisdiction must be liquidated accordingly." *Koyo Seiko*, 16 CIT at ——, 796 F.Supp. at 522. In its remand determination, Commerce did just that. It used master lists that existed prior to the date of transfer of jurisdiction. The master lists used were merely corrected by Commerce after the transfer of jurisdiction.

Timken's argument that Commerce should have used a flawed master list, when a corrected version of the same list existed, is unfounded. Furthermore, Timken offers no concrete evidence to show that Commerce acted unreasonably in using the corrected master list. Therefore, Commerce acted in accordance with the Court's instructions and Commerce's remand determination as to this issue is affirmed.

### 2. *NSK's TRBs*

■ In *NSK Ltd.*, 16 CIT ——, 794 F.Supp. 1156, this Court likewise remanded this case and ordered Commerce to liquidate all NSK entries pursuant to existing master lists. The Court further ordered Commerce to recalculate all entries not subject to existing master lists pursuant to the three criteria methodology for determining "such or similar" merchandise.

In complying with the Court's remand orders, Commerce discovered a clerical error in its Final Results. Although it had divided the home market tapered roller bearing sets into cups and cones sold separately in the United States, these split sets were not included in the portion of the model-match analysis which identified the ten most similar home market models for each U.S. model sold during the period. Thus, Commerce corrected this error on remand. *See* Remand Results of August 28, 1992 at 2, 5–6.

NSK now claims that Commerce acted erroneously since the Court did not order Commerce to correct this error. NSK further claims that this case should be remanded again to Commerce to recalculate NSK's dumping margins with no changes other than those specified by the Court.

■ NSK's reasoning that it is too late for Commerce to correct an error is without merit. Commerce is not precluded from correcting previously undiscovered errors in its determinations when it discovers them in the process of correcting other errors. The Court is "loathe to affirm a determination that might be based on a questionable record." *See Serampore Indus. Pvt. Ltd. v. United States Dep't of Commerce*, 12 CIT 825, 834, 696 F.Supp. 665, 673 (1988); *Daewoo Elecs. Co. v. United States*, 15 CIT 124, ——, 760 F.Supp. 200,. 208 (1991). Furthermore, "the ITA strives for accuracy and is aware that its own errors can call for correction without judicial intrusion." *Brother Indus. Ltd. v. United States*, 15 CIT 332, ——, 771 F.Supp. 374, 384 (1991). Therefore,

Commerce acted reasonably in correcting the clerical error it discovered on remand and this issue is likewise affirmed.

### 3. *Motion for Second Remand*

 Timken also claims that the master lists used by Commerce with respect to Koyo and NSK's TRBs are incomplete as they contain no information on a particular bearing imported into the United States. Thus, Timken asks the Court to remand this case to Commerce again with instructions that address this situation.

Commerce has reviewed the master lists and has found that there are matching home market models listed for most of the U.S. models. Additional model match information is contained in the questionnaire responses submitted for the review periods covered by the master lists and, if necessary, Commerce claims that it will use this information to identify matching home market models in those instances in which the master lists do not disclose the matching home market model for a particular U.S. TRB model. In instances in which master lists fail to list imported TRBs, or state that those U.S. sales not listed should be liquidated without regard to dumping duties, Commerce concedes that it has no choice but to instruct the Customs Service to liquidate the affected TRB models without regard to antidumping duties.

Timken's request that the Court now remand this case once again, with detailed instructions to Commerce for the use of the master lists, would only continue to delay the liquidation of TRBs that were first entered back in 1974. Furthermore, Commerce's actions are reasonable and Timken has not offered any evidence to prove otherwise. Therefore, Timken's request for a second remand is denied.

### *Conclusion*

In accordance with the foregoing opinion, this Court, after due deliberation and having reviewed all papers in these actions, finds that Commerce acted reasonably in (1) using the master list created by Treasury and subsequently corrected by Commerce, and (2) correcting the clerical error discovered on remand. Thus, the remand results are hereby affirmed in all respects.

### JUDGMENT

Upon consideration of the remand results of the Department of Commerce, International Trade Administration ("Commerce") in the above referenced cases, after due deliberation, it is hereby

ORDERED that the requests of NSK Ltd. and The Timken Co. are denied; and it is further

ORDERED that the contested final results of the administrative review, as modified by the remand results, are affirmed in all respects; and it is further

ORDERED that these cases are hereby dismissed.