SKF USA INC. AND SKF GMBH, PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND FEDERAL-MOGUL CORP. AND TORRINGTON CO., DEFENDANT-INTERVENORS

Court No. 93–08–00497

(Dated January 5, 1996)

## JUDGMENT

TSOUCALAS, *Judge:* On May 2, 1995, this Court, in *SKF USA Inc. v. United States,* 19 CIT 625, 888 F. Supp. 152 (1995), remanded the final results of the German review for removal of best information available ("BIA") from the Department of Commerce, International Trade Administration's ("Commerce") calculation of constructed value ("CV") for material costs of inputs obtained from related suppliers. The remand affected one of the reviewed companies from Germany, SKF GmbH ("SKF Germany"), with respect to ball bearings ("BBs"), cylindrical roller bearings ("CRBs"), and spherical plain bearings ("SPBs"). The remand concerned the third administrative review of the antidumping duty order covering antifriction bearings from Germany. *See*

*Final Results of Antidumping Duty Administrative Reviews and Revocation in Part of an Antidumping Duty Order ("Final Results"),* 58 Fed. Reg. 39,729 (July 26, 1993), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, Thailand, and the United Kingdom; Amendment to Final Results of Antidumping Duty Administrative Reviews,* 58 Fed. Reg. 42,288 (August 9, 1993).

SKF USA Inc. and SKF GmbH (collectively "SKF") alleged error in Commerce's CV calculation methodology in the Final Results and prevailed before this Court. In *SKF USA,* 19 CIT at 633, 888 F. Supp. at 159, the Court remanded this case to Commerce to eliminate its use of best information available in calculating CV for related party inputs. In accordance with the Court's instructions in *SKF USA,* Commerce removed BIA from its CV calculation of material costs for inputs obtained from related suppliers. The recalculated weighted average dumping margins for SKF Germany were 15.02% for BBs, 7.13% for CRBs and 8.65% for SPBs.[1] On July 27, 1995, Commerce issued its draft of the final results of redetermination pursuant to court remand. *See Remand Public Record,* Document No. 3.

On August 2, 1995, SKF filed comments on Commerce's draft results. SKF noted that, despite the fact that Commerce followed this Court's remand instructions, SKF's margins on BBs and SPBs increased as a result of Commerce's having used the new SAS ("Statistical Analysis Software") Version 6.08 rather than SAS Version 6.07 which was used during the original administrative determination. SKF argued that Commerce could not justify letting the margin increases stand unless it had knowledge of how technical problems in the 6.07 software version affected the margins calculated in the original Final Results. *Remand Public Record,* Document No. 4 at 1–3. SKF further argued that there are no guarantees that the 6.08 computer software version is more accurate than the 6.07 version. Finally, according to SKF: (1) use of the updated software threatens the finality of Commerce's determinations as the errors in the original software were not clerical errors appealed from by SKF; (2) the new software is not part of the administrative record of this case; and (3) use of the new software cannot be used to penalize parties for bringing an appeal. *Id.* at 4–5.

On August 7, 1995, The Torrington Company ("Torrington"), responding to SKF's comments, argued that SKF had failed to identify any specific error in the SAS Version 6.08 package. *Remand Public Record,* Document No. 5 at 1–2.

In the Final Results of Redetermination Pursuant to Court Remand, *SKF USA Inc. v. United States,* Ct. No. 93–08–00497, Slip Op. 95–80 (May 2, 1995) *("Redetermination on Remand"),* Commerce used the

---

[1] SKF's margins in the original Final Results were 14.81% for BBs, 7.17% for CRBs and 8.37% for SPBs.

6.08 software version without making any margin compensating modifications. In responding to SKF's comments, Commerce stated:

> We disagree with SKF. The software problems at issue here are ministerial errors. These errors could not have been discovered until the remand calculation was performed. The Department's use of the most recent version of SAS computer software is consistent with our practice of correcting ministerial errors discovered during remand. SKF's proposed changes do not correct the errors present in SAS Version 6.07; rather, these adjustments assume that Version 6.07 represents the "correct" SAS code. In light of information we received from the SAS Institute indicating that Version 6.08 corrects errors found in Version 6.07 (not vice versa), we conclude that Version 6.08 is the computer program that calculates margins most accurately. Further, we note that SKF has not identified any errors in the code of 6.08.
>
> The CIT has stated "Commerce is not precluded from correcting previously undiscovered errors in its determinations when it discovers them in the process of discovering other errors. The Court is 'loathe to affirm a determination that might be based on a questionable record'." *See Koyo Seiko v. U.S.*, 819 F. Supp. 1093 (CIT 1993). Accordingly, we decline to make SKF's proposed adjustments.

*Redetermination on Remand* at 3–4.

Before the Court, SKF avers that the original Final Results established the upper limits of its dumping margins and that Commerce's recalculations are not in the spirit and not within the scope of this Court's remand order. *SKF'S Comments Regarding Final Results of Redetermination ("SKF's Comments")* at 3–6. In addition, SKF claims that Commerce's use of the new SAS 6.08 version is not the mere correction of a ministerial error. *SKF's Comments* at 6–7. Finally, SKF contends that its dumping margin increases resulting from Commerce's change in computer software are a gross injustice which must be remedied. *Id.* at 9–10. SKF argues that nothing in *SKF USA*, 19 CIT at 625, 888 F. Supp. at 152, or the accompanying remand order, gave Commerce the authority "in choosing a starting point for its recalculation, to depart from the dumping margins in the Final Results that used SAS Software Version 6.07, or to use SAS Software Version 6.08 to recalculate those margins." *Id.* at 4. SKF contends that Commerce's Redetermination on Remand deviates significantly from the Court's remand order and should be rejected. *Id.* SKF suggests that, in light of the anomalous results reached because of Commerce's switch in computer software, the recalculated margins should be adjusted downward. *Id.* at 9.

Torrington maintains that use of the most recent and accurate SAS version is consistent with Commerce's practice of correcting ministerial errors. *The Torrington Company's Comments on the Final Results of Redetermination Pursuant to Court Remand.*

In *SKF USA*, 19 CIT at 625, 888 F. Supp. at 152, this Court remanded the final results of the German review to Commerce for removal of BIA from its calculation of constructed value for related party inputs. The

Court did not indicate how the removal of BIA from Commerce's CV calculation was expected to affect SKF"s dumping margins. In accordance with the remand order, Commerce removed BIA from its calculation of CV for material costs of inputs obtained from related suppliers.

In preparing to comply with this Court's remand order, Commerce ran its computer programs and noted certain discrepancies between the current results and those obtained for the third review final. Upon investigating further, Commerce discovered from the SAS Institute Inc., that SAS Version 6.07 may have incorrectly evaluated certain Boolean expressions *(i.e.,* true/false data steps) without providing any warning that errors were occurring. According to the SAS Institute, this problem, as well as others, was corrected by SAS Version 6.08 and SAS Version 6.07 has been withdrawn. *See Redetermination on Remand* at 2; *Remand Public Record,* Document No. 2. In light of information Commerce received from the SAS Institute indicating that the 6.08 software version corrects errors found in the 6.07 version (not vice versa), Commerce concluded that SAS Version 6.08 was the computer program that calculates margins most accurately. Commerce, therefore, utilized the updated software for its recalculations.

The statute defines ministerial errors as including "errors in addition, subtraction, or other arithmetic function * * * and any other type of unintentional error which the administering authority considers ministerial." 19 U.S.C. § 1673d(e) (Supp. V 1994). *See also* 19 C.F.R. § 353.28(d) (1993). The Court is satisfied with Commerce's explanation of its reasons for using SAS Version 6.08 in correcting ministerial errors discovered during remand. Moreover, SKF has not identified any specific errors in the SAS Version 6.08 code. Accordingly, the Court sustains Commerce's Redetermination on Remand in its entirety.