SKF USA INC. AND SKF INDUSTRIE S.P.A., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND FEDERAL-MOGUL CORP. AND TORRINGTON CO., DEFENDANT-INTERVENORS

Court No. 93–08–00498

(Dated January 16, 1996)

### JUDGMENT

TSOUCALAS, *Judge:* In *SKF USA Inc. v. United States,* 19 CIT 635, Slip Op. 95–82 (May 4, 1995) *("SKF Italy"),* this Court remanded the final results of the Italian review for removal of best information available ("BIA") from the Department of Commerce, International Trade Administration's ("Commerce") calculation of constructed value ("CV") for material costs of inputs obtained from related suppliers. The remand affects one of the reviewed companies from Italy, SKF Industrie S.p.A. ("SKF Industrie"), with respect to ball bearings ("BBs") and cylindrical roller bearings ("CRBs"). There is no antidumping duty order on spherical plain bearings ("SPBs") from Italy. The remand concerns the third administrative review of the antidumping duty order covering antifriction bearings (other than tapered roller bearings) and parts thereof from Italy. *See Final Results of Antidumping Duty Administrative Reviews and Revocation in Part of an Antidumping Duty Order ("Final Results"),* 58 Fed. Reg. 39,729 (July 26, 1993), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, Thailand, and the United Kingdom; Amendment to Final Results of Antidumping Duty Administrative Reviews,* 58 Fed. Reg. 42,288 (August 9, 1993); *Antifriction Bearings (Other Than Tapered*

*Roller Bearings) and Parts Thereof From France and the United King-
dom; Amendment to Final Results of Antidumping Duty Administrative
Reviews,* 58 Fed. Reg. 51,055 (September 30, 1993); and *Antifriction
Bearings (Other Than Tapered Roller Bearings) and Parts Thereof
From Japan; Amendment to Final Results of Antidumping Duty Admin-
istrative Reviews,* 59 Fed. Reg. 9,469 (February 28, 1994).

SKF USA Inc. and SKF Industrie S.p.A. (collectively "SKF") alleged
error in Commerce's CV calculation methodology in the Final Results
and prevailed before this Court. In *SKF Italy,* 19 CIT at 644, Slip Op.
95–82 at 18, the Court remanded this case to Commerce to eliminate its
use of best information available in calculating CV for related party
inputs. In accordance with the Court's instructions in *SKF Italy,* Com-
merce removed BIA from its CV calculation of material costs for inputs
obtained from related suppliers. The recalculated weighted average
dumping margins for SKF Industrie are 4.47% for BBs and 0.00% for
CRBs.[1] *Final Results of Redetermination Pursuant to Court Remand,
SKF USA Inc. and SKF Industrie S.p.A. v. United States, Slip Op. 95–82
(May 4, 1995) ("Redetermination on Remand")* at 4. Commerce's Rede-
termination on Remand used SAS ("Statistical Analysis Software") Ver-
sion 6.08 rather than SAS Version 6.07 which was used during the
original administrative determination. Commerce made no margin
modifications to compensate for discrepancies between the original and
the recalculated margins resulting from use of the updated computer
software. On July 27, 1995, Commerce issued its draft of the final results
of redetermination pursuant to court remand. *Remand Public Record,*
Document No. 3.

On August 2, 1995, SKF filed comments on Commerce's draft results.
SKF noted that, despite the fact that Commerce followed this Court's
remand instructions, SKF Industrie's margins on BBs increased as a
result of Commerce's having used computer SAS Version 6.08 rather
than SAS Version 6.07. SKF argued that Commerce could not justify let-
ting the margin increase stand unless it had knowledge of how technical
problems in the 6.07 software version affected the margins calculated in
the original Final Results. *Remand Public Record,* Document No. 4 at
1–3. SKF further argued that there are no guarantees that the 6.08 com-
puter software version is more accurate than the 6.07 version. Finally,
according to SKF: (1) use of the updated software threatens the finality
of Commerce's determinations as the errors in the original software
were not clerical errors appealed from by SKF; (2) the new software is
not part of the administrative record of this case; and (3) use of the new
software cannot be used to penalize parties for bringing an appeal. *Id.* at
4–5.

---

[1] SKF Industrie's margins in the Final Results were 4.46% for BBs and 0.00% for CRBs. *Final Results,* 58 Fed. Reg.
at 39,731.

In responding to SKF's comments, Commerce stated:

> We disagree with SKF. The software problems at issue here are ministerial errors. These errors could not have been discovered until the remand calculation was performed. The Department's use of the most recent version of SAS computer software is consistent with our practice of correcting ministerial errors discovered during remand. SKF's proposed changes do not correct the errors present in SAS Version 6.07; rather, these adjustments assume that Version 6.07 represents the "correct" SAS code. In light of information we received from the SAS Institute indicating that Version 6.08 corrects errors found in Version 6.07 (not vice versa), we conclude that Version 6.08 is the computer program that calculates margins most accurately. Further, we note that SKF has not identified any errors in the code of 6.08.
>
> The CIT has stated "Commerce is not precluded from correcting previously undiscovered errors in its determinations when it discovers them in the process of discovering other errors. The Court is 'loathe to affirm a determination that might be based on a questionable record'." *See Koyo Seiko v. U.S.*, 819 F. Supp. 1093 (CIT 1993). Accordingly, we decline to make SKF's proposed adjustments.

*Redetermination on Remand* at 3–4.

The Torrington Company ("Torrington") also responded to SKF's comments, arguing that SKF had failed to identify any specific error in the SAS Version 6.08 package. *Remand Public Record,* Document No. 5 at 1–2.

SKF now avers that the original Final Results established the upper limits of its dumping margins and that Commerce's recalculations are not in the spirit and not within the scope of this Court's remand order. *SKF'S Comments Regarding Final Results of Redetermination ("SKF's Comments")* at 3–6. In addition, SKF claims that Commerce's use of the new SAS 6.08 version is not the mere correction of a ministerial error. *SKF's Comments* at 6–7. Finally, SKF contends that the dumping margin increases resulting from Commerce's change in computer software are a gross injustice which must be remedied. *Id.* at 8–10. SKF argues that nothing in *SKF Italy,* 19 CIT at 635, Slip Op. 95–82, or the accompanying remand order, gave Commerce the authority "in choosing a starting point for its recalculation, to depart from the dumping margin in the Final Results that used SAS Software Version 6.07, or to use SAS Software Version 6.08 to recalculate that margin." *Id.* at 4. SKF contends that Commerce's Redetermination on Remand deviates significantly from the Court's remand order and should be rejected. *Id.* SKF suggests that, in light of the anomalous results reached because of the change in computer software, Commerce make a "downward adjustment of the margin that increased as a result of the software change." *Id.* at 9. According to SKF, "[t]he *original* final margin should be decreased by the percentage by which the new (6.08) margin was reduced as a result of this Court's order." *Id.*

Torrington maintains that use of the most recent and accurate SAS version is consistent with Commerce's practice of correcting ministerial errors during remand. *The Torrington Company's Comments on the Final Results of Redetermination Pursuant to Court Remand ("Torrington's Comments")*. Torrington believes that Commerce's Redetermination on Remand fully implements this Court's order. *Torrington's Comments*.

In *SKF Italy*, 19 CIT at 635, Slip Op. 95–82, this Court remanded the final results of the Italian review to Commerce for removal of BIA from its calculation of constructed value for related party inputs. The Court did not indicate how the removal of BIA from Commerce's CV calculation was expected to affect SKF Industrie's dumping margins. In accordance with the remand order, Commerce removed BIA from its calculation of CV for material costs of inputs obtained from related suppliers. *See Redetermination on Remand* at 4.

In preparing to comply with this Court's remand order, Commerce ran its computer programs and noted certain discrepancies between the current results and those obtained for the third review final. Upon investigating further, Commerce learned from SAS Institute Inc. that SAS Version 6.07 may have incorrectly evaluated certain Boolean expressions *(i.e.,* true/false data steps) without providing any warning that errors were occurring. According to SAS Institute, this problem, as well as others, was corrected by SAS Version 6.08 and SAS Version 6.07 has been withdrawn. *See id.* at 2; *Remand Public Record*, Document No. 2. In light of information Commerce received from SAS Institute indicating that the 6.08 software version corrects errors found in the 6.07 version (not vice versa), Commerce concluded that SAS Version 6.08 was the computer program that calculates margins most accurately. Commerce, therefore, utilized the updated software for its recalculations.

The statute defines ministerial errors as including "errors in addition, subtraction, or other arithmetic function * * * and any other type of unintentional error which the administering authority considers ministerial." 19 U.S.C. § 1673d(e) (Supp. V 1994). *See also* 19 C.F.R. § 353.28(d) (1993). The Court is satisfied with Commerce's explanation of its reasons for using SAS Version 6.08 in correcting ministerial errors discovered during remand. Moreover, SKF has not identified any specific errors in the SAS Version 6.08 code. Accordingly, the Court sustains Commerce's Redetermination on Remand in its entirety.